# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 464 | **DATE** | 6/26/2013 |
| **CASE TITLE** | Daaiyah Manning vs. John Sweitzer, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss Plaintiff's Amended Complaint [53] is granted in part and denied in part. Counts II and III are dismissed. Discovery shall proceed apace as to Count I.

■ [ For further details see text below.]

Docketing to mail notices.

---

**STATEMENT**

Before the Court is Defendants John Sweitzer ("Sweitzer"), Park Forest Police Detective, Michael Baugh, Park Forest Police Detective Corporal, Peter Green, Park Forest Police Detective Commander, Thomas Fleming, former Park Forest Police Department Chief of Police, and the Village of Park Forest's (collectively, "Defendants") Motion to Dismiss Plaintiff Daaiyah Manning's ("Plaintiff") Amended Complaint. For the following reasons, the motion is granted in part and denied in part.

Plaintiff was indicted for conspiracy to commit custodial interference in Maricopa County, Arizona; and, on July 16, 2010, a fugitive felony warrant for her arrest was issued. Arizona police sought the assistance of the Park Forest Police Department in executing the warrant, as Plaintiff was a resident of the Village of Park Forest, Illinois. Sweitzer arrested Plaintiff in Chicago on July 29, 2010. According to Plaintiff, Sweitzer then took the keys to her rental car, walked more than a city block to the vehicle, and searched the vehicle without permission and without a warrant. Plaintiff was detained at the Park Forest Police Department. Plaintiff alleges that she requested a phone call and asked to speak with her attorney, but Sweitzer refused her request. Plaintiff avers that when she asked other officers on duty for a phone call to check on her minor child, she was informed that Sweitzer left instructions that Plaintiff was not to make any phone calls or to speak to counsel. On July 31, 2010, Sweitzer and Baugh conducted an interview with Plaintiff. Plaintiff alleges that Sweitzer accessed her cell phone address book and contacted various individuals contained therein. Plaintiff also alleges that Sweitzer told her that he would be contacting the F.B.I. who would interview her cell phone contacts to determine the whereabouts of her grandson. Although the police report attached to Plaintiff's complaint provides that she knowingly waived her right to counsel prior to the interview, Plaintiff claims that she invoked her right to counsel, but was denied access to counsel. Also on July 31, 2010, Plaintiff's grandson was brought to the Park Forest Police Department, escorted by Plaintiff's lawyer (hired by her son). On August 2, 2010, Plaintiff was transferred to the custody of the Cook County Sheriff's Department. She was subsequently extradited to Arizona on the custodial interference warrant. Plaintiff was never charged or convicted of committing any crime in the state of Illinois.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting

Twombly, 550 U.S. at 556). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id. (quoting Twombly, 550 U.S. at 556). The Court construes Plaintiff's pro se pleadings liberally, see Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008), accepts as true all well-pleaded facts in the Complaint, and draws all reasonable inferences in her favor, Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc., 657 F.3d 496, 502 (7th Cir. 2011) (citation omitted). A plaintiff, however, may plead herself out of court by "pleading facts that establish an impenetrable defense to [her] claims." Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008) (citing Massey v. Merrill Lynch & Co., 464 F.3d 642, 650 (7th Cir. 2006)). Pleadings consist of "the complaint, any exhibits attached thereto, and the supporting briefs." Cole v. Milwaukee Area Technical Coll. Dist., 634 F.3d 901, 903 (7th Cir. 2011) (citing Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002)). "Dismissal is proper if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support h[er] claim for relief.'" Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (quoting Kennedy v. Nat'l Juvenile Det. Ass'n, 187 F.3d 690, 694 (7th Cir. 1999)).

As an initial matter, the Court notes that Plaintiff's Amended Complaint reasserts a previously dismissed claim for intentional infliction of emotional distress based upon the same allegations. As such, Count III, alleging intentional infliction of emotional distress, is dismissed. In Counts I and II, Plaintiff alleges § 1983 claims for unreasonable search and seizure in violation of the Fourth Amendment and denial of her right to counsel in violation of the Sixth Amendment, respectively. "In order to state a claim under § 1983, the plaintiffs must allege that a government official, acting under color of state law, deprived them of a right secured by the Constitution or laws of the United States." Christensen v. Cnty. of Boone, IL, 483 F.3d 454, 459 (7th Cir. 2007) (citations omitted). Where, as here, a plaintiff alleges the violation of a specific right, "such a claim 'must be analyzed under the standard appropriate to that specific [constitutional] provision.'" Id. (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 843 (1998)) (alteration in original).

Defendants argue that Count I should be dismissed because an exception to the warrant requirement applies here. Citing Arizona v. Gant, 556 U.S. 332 (2009), Defendants argue that the alleged search of Plaintiff's vehicle and seizure of certain items therein (cell phone and other electronics) was justified because a reasonable police officer would believe that the vehicle contained evidence relevant to the crime of arrest—evidence of the missing child's whereabouts, or the child himself. Additionally, Defendants argue that this was a valid inventory search, a well-recognized exception to the warrant requirement. These arguments, however, are premature at this stage in the litigation. On the basis of Plaintiff's allegations, recovery is plausible, even if the prospect of recovery on this claim might be remote. Additional facts may establish that an exception to the warrant requirement applies, or that Defendants are entitled to qualified immunity.

Next, Defendants argue that Count II should be dismissed because Plaintiff has pleaded herself out of Court. Plaintiff alleges that Sweitzer attempted to charge her with Aiding and Abetting Child Abduction, but was prevented from doing so by the Assistant State's Attorney who informed him that Plaintiff was only being held on the outstanding warrant from Arizona. Plaintiff also alleges that she was never charged or convicted of committing any crime in Illinois. Defendants argue that Plaintiff had no Sixth Amendment right to counsel when she was questioned in Illinois in connection with a crime with which she was never charged. The Court agrees. "The Sixth Amendment right . . . is offense specific. It cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced . . . ." McNeil v. Wisconsin, 501 U.S. 171, 175 (1991). Additionally, "[t]he Sixth Amendment by its terms applies only to 'criminal prosecution,' and an extradition proceeding is not a 'criminal prosecution.'" Caltagirone v. Grant, 629 F.2d 739, 748 n.19 (2d Cir. 1980); see also DeSilva v. DiLeonardi, 181 F.3d 865, 868 (7th Cir. 1999) ("[T]he Sixth Amendment does not apply to extradition." (citing Neely v. Henkel, 180 U.S. 109, 122 (1901))). Accordingly, Count II is dismissed.

For the foregoing reasons, Defendants' motion is granted in part and denied in part. Counts II and III are dismissed. Discovery shall proceed apace as to Count I.